IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

OF ILLINOIS EASTERN DIVISION

MARIANN JOHANSEN-ELLIS,

Plaintiff,

Case No.: 25-cv-15564

Judge Virginia M. Kendall

Magistrate Judge M. David Weisman

V.

fuzhoushichanglequxiangbaishushanghang(gerenduzi) d/b/a XBSMYSH,

Defendants.

# DEFENDANT'S SPECIAL APPEARANCE AND MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS

Defendant fuzhoushichanglequxiangbaishushanghang(gerenduzi) d/b/a XBSMYSH, appearing specially and for no other purpose, and without submitting to the jurisdiction of this Court, respectfully moves, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), to dismiss the Complaint for lack of

1

personal jurisdiction due to insufficient service of process. In the alternative, Defendant moves to quash the purported service. This motion is based on the Memorandum of Points and Authorities, the attached Declaration of fuzhoushichanglequxiangbaishushanghang(gerenduzi) d/b/a XBSMYSH, and the entire record herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff attempted to serve a foreign defendant, a Chinese company, solely by sending an email. This method of service is invalid under the mandatory provisions of the Hague Service Convention. Because Defendant has not been properly served, this Court lacks personal jurisdiction over it, and the Complaint must be dismissed.

## II. FACTUAL BACKGROUND

1. Defendant fuzhoushichanglequxiangbaishushanghang(gerenduzi) d/b/a XBSMYSH is a company organized under the laws of and with its principal place of business in the People's Republic of China. (See Declaration of Ya Zhu Luo).

2. On or about January 16, 2026, Plaintiff sent an email to billstart1@163.com, attaching what appear to be the Summons and Complaint in this action. ( Ex. 1).

3. The People's Republic of China is a contracting state to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), to which the United States is also a party.

**III. ARGUMENT**

**A. The Hague Service Convention Provides the Exclusive Means of Service on a Defendant in China.**

The Hague Service Convention governs the service of process in all civil and

commercial matters where there is an occasion to transmit a judicial document for service abroad to a contracting state. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698-99 (1988). Where it applies, its procedures are "mandatory and exclusive." Id. at 699.

**B. Service by Email Does Not Comply with the Hague Service Convention.**

The Convention provides specific channels for service, including through a designated Central Authority (Arts. 2-6), diplomatic or consular agents (Arts. 8-9), and postal channels if the state of destination does not object (Art. 10(a)). China has objected to service by postal channels under Article 10(a). Service by email is not an authorized method under the Convention. Numerous courts have held that email service to a Hague Convention country is invalid. See, e.g., Agha v. Jacobs, No. 18-CV-1204, 2019 WL 1437909, at *3 (S.D.N.Y. Mar. 31, 2019).

**C. Invalid Service Deprives This Court of Personal Jurisdiction Over Defendant.**

Proper service of process is a prerequisite for a court to exercise personal jurisdiction over a defendant. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Because Plaintiff's attempted service by email is void under the mandatory Hague Service Convention, service has not been effected. Consequently, this Court lacks personal jurisdiction over Defendant, and the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5).

**IV. CONCLUSION AND PRAYER FOR RELIEF**

Plaintiff's attempted service is fatally defective. This Court should dismiss the Complaint or, alternatively, quash the service.

WHEREFORE, Defendant fuzhoushichanglequxiangbaishushanghang(gerenduzi) d/b/a XBSMYSH respectfully prays that this Court:

1.GRANT this Motion;

2.Dismiss the Complaint in its entirety for lack of personal jurisdiction due to insufficient service of process;

3.or,In the alternative, issue an Order quashing the purported service of process; and Grant Defendant such other and further relief as the Court deems just and proper.

Dated: January 31, 2026         Respectfully submitted,

S/ *[signature]*

Room 608, Building 20, No. 5 Jingle Road, Heshang Town, Changle District, Fuzhou City, Fujian Province, China.

**Telephone:**+86 18659133817

**Email:** huangtangmei1@gmail.com

Legal Representative

# Exhibit 1



**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on January 31, 2026, I will electronically file the foregoing with the Clerk of the Court using the court's Pro Se Filer PDF Submissions system. A true and correct copy of the same documents was served upon counsel for Plaintiff , Keith A. Vogt, via email to: keith@vogtip.com. This email address has been used by Plaintiff's counsel for communications in this matter.

S/ *[signature]*

Legal Representative